UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERTO HERDOCIA,

  Plaintiff                                             CASE NO.:

-VS-

SETERUS, INC.

  Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, ALBERTO HERDOCIA, by and through the undersigned counsel, and sues Defendant, SETERUS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like SETERUS, INC., from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their

political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014."  https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Tampa, Hillsborough County, Florida.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

13. Defendant is a corporation which was formed in Delaware with its principal place of business located at 3039 Cornwallis Road, Building 203, Suite AA145, Research Triangle Park, NC 27709, and which conducts business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

14. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

15. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

17. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) ***-0704, and was the called party and recipient of Defendant's hereinafter described calls.

18. On several occasions over the last four (4) years due to continued calls from Defendant to Plaintiff's aforementioned cellular telephone number, Plaintiff instructed Defendant's agent to stop calling.

19. Defendant has placed approximately one-hundred (100) calls to Plaintiff's aforementioned cellular telephone number. The exact number of calls will be established after a thorough review of Defendant's records.

20. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (866) 570-5277; and when that number is called, an automated message plays stating "Welcome to Seturus Inc., online at www.seterus.com . Para Español, oprima dos ahora. Please be advised we are a servicer and debt collector, any information obtained will be used for that purpose."

21. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear a pre-recorded message stating the call was from Seterus Inc., and to please hold the line for the next available representative.

22. Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

24. In or about December of 2016, Plaintiff received a call from the Defendant, met with an automated message, and eventually was connected to a live representative of Defendant known only as "Bianca", and explained to "Bianca" that he had submitted the mortgage payment at issue on the agreed date, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

25. During the aforementioned phone call with Defendant in or about December of 2016, Plaintiff unequivocally revoked any express consent Defendant had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

26. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

27. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

28. Additionally, on or about January 3, 2017, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an automated message, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

29. Further, on or about February 2, 2017, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call

from Defendant, met with an automated message, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number..

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call his aforementioned cellular telephone number.

31. On at least three (3) separate occasions, Plaintiff has answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

32. The Plaintiff's repeated requests for the harassment to end were ignored.

33. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

34. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

35. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiff's cellular telephone in this case.

36. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

37. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals informing the Defendant that they do not wish to be called.

38. Defendant has had numerous complaints from consumers against them across the country asking not to be called; however, the Defendant continues to call the consumers.

39. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

40. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

41. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

42. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

43. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

44. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

45. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the

unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

46. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

47. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

48. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

49. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, frustration and aggravation, culminating in a Stroke for which Plaintiff was hospitalized in February of 2017.

## COUNT I
**(Violation of the TCPA)**

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-nine (49) as if fully set forth herein.

51. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

52. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant SETERUS INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

53. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-nine (49) as if fully set forth herein.

54. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

55. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of his or his family with such frequency as can reasonably be expected to harass the alleged debtor or his or his family.

56. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of his or his family.

57.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant SETERUS INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/*Octavio Gomez*
 Octavio Gomez, Esquire
 Florida Bar No. 338620
 MORGAN & MORGAN, TAMPA, P.A.
 One Tampa City Center
 201 N. Franklin Street, 7th Floor
 Tampa, FL 33602
 Telephone:  (813) 223-5505
 Primary Email: TGomez@ForThePeople.com
 Secondary Email: PMitchell@ForThePeople.com
 *Attorney for Plaintiff*